James R. YOCOM, Commissioner of Labor,
etc., Appellant,

v.

Milton John FAYARD et al., Appellees.

Court of Appeals of Kentucky.

Nov. 8, 1974.

Thomas L. Ferreri, Dept. of Labor, for Special Fund, Earl M. Cornett, Gen. Counsel, Dept. of Labor, Frankfort, for appellant.

James W. Owens, Samuel S. Boaz, Paducah, for appellees.

PALMORE, Justice.

The Special Fund appeals from a judgment upholding an award of the Workmen's Compensation Board finding the claimant totally and permanently disabled and apportioning causation as follows: (a) active pre-existing disability, 25%; work-connected injury sustained on September 24, 1971, 25%; and arousal of dormant, pre-existing disease condition into disabling reality, 50%. Cf. KRS 342.120(1) (a) and (b) and 342.120(3).

The Special Fund's contention is that the evidence relating to the pre-existing condition excludes any reasonable basis for a finding that it was to some extent dormant and nondisabling. At first blush we must confess that it does appear somewhat anomalous to say that a pre-existing condition was both disabling and nondisabling. Nevertheless, it is quite possible for one to have a combination of infirmities, one of which is actively disabling and the other dormant, and that seems to be the straddle on which the Board settled itself in this instance.

Testifying pursuant to KRS 342.121, Dr. Armand K. Fischer said that the claimant had an active and manifest disability originating from the disease of osteomyelitis, and he ascribed the post-accident disability 35% to that condition and 65% to the injury. Dr. Charles K. Davis, appearing for the claimant, attributed the ultimate disabil-

ity 80% to a dormant, nondisabling disease condition and 20% to traumatic injury. He went on to explain that in his opinion the claimant had a "pre-existing anatomical disorder with his skeleton" from an old childhood disease, which was not really disabling because he had been fully able to work for many years in spite of it, and that this old condition had become aggravated by degenerative disc disease, including a ruptured disc. Under cross-examination he agreed that 80% of the 100% disability should be "ascribed to the degenerative disc disease."

The difficulty encountered here is "that a dormant, nondisabling, pre-existing degenerative disc in itself is not a disease condition for which the Special Fund is liable under KRS 342.120." Young v. City Bus Co., Ky., 450 S.W.2d 510, 514 (1969); Young v. Charles, Ky., 471 S.W.2d 711 (1971). "When a pre-existing condition that is not such a disease and is not actively disabling becomes an active disability through the agency of a work-connected injury the employer alone, which takes the man as it finds him, is liable." Adams & Mulberry Corporation v. Bolston, Ky., 487 S.W.2d 680 (1972).

Dr. Fischer's testimony gives no support to the finding of a pre-existing condition that was dormant, or nondisabling. Dr. Davis' evidence gives no support to the finding that the pre-existing condition was, under Young v. City Bus Co., *supra,* a disease. We cannot say that the apportionment of 25% to the accident and 50% to a combination of the accident and a pre-existing dormant condition was erroneous, but we are obliged to hold it was an error for the Board to find that the latter was a "disease" condition. The result is that the Special Fund has no liability. Cf. Adams & Mulberry Corporation v. Bolston, *supra.*

The judgment is reversed with directions that the Board be directed to correct its award accordingly.

All concur.